UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-47-01-F3

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) |
| THOMAS NEIL PICKETT, | ) |
| Defendant. | ) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2225-F

| THOMAS NEIL PICKETT, | ) |
| --- | --- |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| M.D. CARVAJAL, | ) |
| Respondent. | ) |

## ORDER

As noted in an earlier order, this matter stands in an odd posture, as it purportedly has been transferred back to this district from the Eastern District of Texas, which court exercised jurisdiction over Pickett's 28 U.S.C. § 2241 motion for relief. Although Pickett was convicted and sentenced in the Eastern District of North Carolina, his § 2241 motion was adjudicated in the Eastern District of Texas because Pickett is serving his sentence in the Federal Correctional Institution in Texarkana, Texas. That court determined that Pickett is entitled to relief via § 2241 from his conviction and sentence under 18 U.S.C. § 924(c), by virtue of the Supreme Court's ruling in *Watson v. United States*, 552 U.S. 74 (2007) (holding that "[a] person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs"). *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (holding that "when § 2255 proves

'inadequate or ineffective to test the legality of... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241") (citing 28 U.S.C. § 2255).

The Texas district court ultimately determined it lacked jurisdiction to alter or amend Pickett's judgment of conviction and sentence imposed herein in *United States v. Pickett*, No. 7:04-CR-47-F (E.D.N.C.) [DE-107], entered by the undersigned on March 10, 2005. Therefore, the Texas court purported to transfer the case back to this court "for appropriate action." Memorandum Opinion and Order [DE-13]; *see also* "Final Judgment" [DE-11].[1] Counsel was appointed to assist Pickett in having his Judgment corrected. Pickett also filed a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [DE-176] seeking an additional reduction in light of advisory USSG amendment 750 (crack amendment).

On January 27, 2012, the United States Attorney filed an Unopposed Motion for Entry of Amended Judgment [DE-178], the content of which the court incorporated herein by reference. That Unopposed Motion for Entry of Amended Judgment is ALLOWED.

Procedurally and logistically, this matter has been challenging to resolve, and the court seeks to avoid any further delays in granting Pickett the relief for which he qualifies. Accordingly, it is ORDERED that Pickett's Judgment, as amended by Order dated July 30, 2009 [DE-162], is further AMENDED as follows:

A. The sentence imposed in Count Two is STRICKEN, as that conviction was vacated by the Texas district court in light of *Watson v. United States*, 552 U.S. 74 (2007);

B. Both the conviction and the sentence as to Count One are VACATED and STRICKEN, as Pickett no longer qualifies as a convicted felon by virtue of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011);

---

[1] These two docket numbers refer to the CM/ECF docket in 5:11-HC-2225-F (E.D.N.C.).

2

C. As to *each* of Counts Three and Four:

- the correct statutory maximum punishment is not more than 20 years;
- the correct period of supervised release is at least 3 years as to Count Three and at least 4 years as to Count Four;
- the correct fine range is $17,500 to $1,000,000;
- the advisory USSG imprisonment range is 235 to 240 months;
- the special assessment is $100.00;

D. Pickett's term of supervised release is AMENDED to provide that, upon release from imprisonment, the defendant shall be on supervised release for a term of four (4) years as to Count Four and three (3) years as to Count Three to run concurrently.

**SUMMARY**

Pickett's Motion for Reduction of Sentence [DE-176] is DENIED as moot. Pickett already received the benefit of the 18:1 crack/cocaine ratio reduction when his sentence was reduced by Order [DE-162] amending his Judgment, on July 30, 2009, at which time his sentence was reduced to 235 months.

The Government's Unopposed Motion for Entry of Amended Judgment [DE-178] is ALLOWED.

A. Pickett's convictions and sentences as to each of Counts One and Two as imposed in the original Judgment [DE-104], the Amended Judgment [DE-107], and Order Amending Judgment [DE-162] are VACATED and STRICKEN for the reasons set forth herein and in the Government's Motion for Entry of Amended Judgment [DE-178];

B. As to each of Counts Three and Four Pickett's sentence of **235** months imprisonment as to each of Counts Three and Four is RATIFIED, such sentences to be served concurrently;

C. Pickett's term of supervised release to follow release from imprisonment is REDUCED to four years on Count Four and 3 years on Count Three, to be served concurrently; and

D. Pickett's total special assessment is REDUCED to $200.00.

Except as herein amended, the Order Amending Judgment [DE-162] is RATIFIED as entered.

SO ORDERED.

This, the ___6___ day of March, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4