IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:04-CR-47-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| THOMAS NEIL PICKETT, | ) |
| | ) |
| Defendant. | ) |

Before the court is *pro se* Defendant's Motion for Reduction of Sentence. [DE 221]. As explained below, Defendant's motion is properly construed as an unauthorized successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1]

## I. BACKGROUND

As the parties are familiar with the underlying facts of this case, the court recites only those facts relevant to this discussion. On August 12, 2004, a grand jury returned a second superseding indictment charging Defendant with (1) felon in possession of firearms and ammunition, 18 U.S.C. §§ 922(g)(1) and 924; (2) use and carry of a firearm during a drug trafficking offense, 18 U.S.C. § 924(c); (3) distribution of crack cocaine, 21 U.S.C. § 841(a)(1); and (4) conspiracy to distribute 50 grams of cocaine base (crack), 21 U.S.C. § 846.

On September 29, 2004, a jury convicted Defendant on the first three counts and to a lesser charge as to count four (conspiracy to distribute more than five grams of cocaine base). [DE 48]. On February 23, 2005, the court sentenced Defendant to a total of 352 months'

---

[1] *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

imprisonment. [DE 107]. The court subsequently reduced Defendant's sentence from 292 months to 235 months based on (1) the retroactive application of the revised U.S. Sentencing Guidelines ("the Guidelines" or "U.S.S.G.") for crack cocaine offenses, *see* [DE 162] (applying Amendment 706 to the Guidelines) and (2) the vacating and striking of Defendant's conviction and sentence as to counts 1 and 2, *see* March 7, 2012 Order [DE 179].[2]

On August 14, 2015, the court further reduced Defendant's sentence from 235 months to 188 months pursuant to § 3582(c)(2) in light of the retroactive application of Amendment 782 to the Guidelines ("drugs minus 2"). [DE 216].[3] On September 1, 2015, Defendant moved for reconsideration of the August 14, 2015 Order. [DE 219]. On September 2, 2015, the court denied Defendant's motion. [DE 220].

## II. DISCUSSION

Defendant characterizes the motion as one brought pursuant to 18 U.S.C. § 3582(c) and seeks relief thereunder in light of the following: (1) U.S.S.G. § 1B1.10(c)[4] and retroactive

---

[2] The court vacated and struck counts 1 and 2 based on the decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Watson v. United States*, 552 U.S. 74 (2007), respectively. [DE 179]. Only the court's striking of the conviction and sentence as to count 1 is relevant to the instant motion. At the time of Defendant's sentencing, his prior state felony conviction served as a predicate felony conviction for a sentencing enhancement under the Controlled Substances Act (the "Act"). In *Simmons*, however, the Fourth Circuit held that, for a North Carolina conviction to serve as a predicate felony conviction for a sentencing enhancement under the Act, the defendant must have actually faced a possible sentence of more than one year's imprisonment for the North Carolina conviction under applicable North Carolina law. *See id.* at 243-47. As Defendant did not actually face the requisite sentence under *Simmons*, the court vacated and struck Defendant's conviction and sentence as to count one, stating **"Pickett no longer qualifies as a convicted felon by virtue of [*Simmons*]."** [DE 179 at 2] (emphasis added). Accordingly, Defendant has already been accorded the benefit of the holding in *Simmons*.

[3] The August 14, 2015 Order became effective November 1, 2015. *See* U.S.S.G. § 1B1.10(d), (e)(1) (2015); Amendment 782.

[4] Defendant erroneously relies on U.S.S.G. § 1B1.10(c). Section 1B1.10(c) provides as follows:

If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation

Amendment 782 to the Guidelines;[5] (2) *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); and (3) *Pepper v. United States*, 562 U.S. 476 (2011).[6]

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 131 S. Ct. 2685, 2690 (2011). These exceptions are identified in 18 U.S.C. § 3582(c). Specifically, § 3582(c) provides that a court may modify a sentence in three circumstances only: (1) upon motion by the Director of the Bureau of Prisons,

---

of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c) (2015). Section (c) is inapplicable for two reasons. First, Defendant's case no longer involves a statutorily required minimum sentence. *See* March 7, 2012 Order at 2 [DE 179] (applying Fair Sentencing Act of 2010 and noting a "statutory maximum punishment" only). Second, assuming *arguendo* that Defendant's case involves a mandatory minimum sentence, the government never filed a pre-sentence motion pursuant 18 U.S.C. § 3553(e) requesting a reduction from the bottom of Defendant's guidelines range nor a post-sentence motion pursuant to Rule 35 of the Federal Rules of Criminal procedure.

[5] Section 1B1.10, which implements 28 U.S.C. § 994(u), provides that where

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered by an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)....

U.S.S.G. § 1B1.10(a)(1) (2015). Amendment 782 – listed in subsection (d) – generally reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1.

[6] Defendant's argument based on *Pepper* warrants a brief discussion but no relief. In *Pepper*, the Supreme Court held that, when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of the defendant's rehabilitation since his prior sentencing, and such evidence may, in appropriate cases, support a downward variance from the advisory sentencing guidelines range. *Id.* at 481. Thus, argues Defendant, the court should consider his post-sentencing rehabilitation. In a letter addressed to the court, Defendant references some of his accomplishments while incarcerated.

Defendant's reliance on *Pepper* is misplaced. Defendant's sentence was reduced pursuant to § 3582(c) – it was **not** set aside on appeal. *See United States v. Pickett*, 174 F. App'x 731 (4th Cir. 2006) (affirming Defendant's conviction and sentence). A sentence-reduction proceeding under §3582(c)(2) "is not a form of resentencing." *United States v. Tapps*, 412 F. App'x 878, 879 (7th Cir. 2011) (citing *Dillon v. United States*, 560 U.S. 817, 828 (2010)); *accord Barner v. United States*, No. 4:97-cr-207, 2012 U.S. Dist. LEXIS 7440, at *7 (M.D. Pa. Jan. 23, 2012). "Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon*, 560 U.S. at 828.

*id.* § 3582(c)(1)(A); (2) pursuant to either Rule 35, Fed. R. Crim. P., or other express statutory authority, *id.* § 3582(c)(1)(B); or (3) where a defendant was sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the United States Sentencing Commission, provided that certain other requirements are met, *id.* § 3582(c)(2). If the court finds a defendant eligible for sentence reduction, the court then "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Neither the Director of the Bureau of Prisons nor the Government has moved to reduce Defendant's sentence. The court already considered and granted Defendant a sentence reduction pursuant to § 3582(c)(2) in light of U.S.S.G. § 1B1.10(a) and retroactive Amendment 782.[7] *See* [DE 216]. Section 3582(c) offers Defendant no further relief. *See United States v. Clark*, 565 F. App'x 277, 278 (4th Cir. 2014) (stating a defendant has "only one opportunity to seek, through a § 3582(c)(2) motion, the benefit of [an] amendment" to the Guidelines and a court "lack[s] authority to grant subsequent relief – either by way of a second § 3582(c)(2) motion or a motion for reconsideration of the initial order").

The challenge Defendant mounts is a poorly disguised collateral attack on the legitimacy of his sentence. As such, Defendant's *Simmons* claim must be brought, if at all, pursuant to 28

---

[7] Section 1B1.10, which implements 28 U.S.C. § 994(u), provides that where

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered by an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c) . . . .

U.S.S.G. § 1B1.10(a)(1). Amendment 782 – listed in subsection (d) – generally reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1.

U.S.C. § 2255.[8] *See United States v. Clark*, No. 5:08-CR-100-F-1, 2013 U.S. Dist. LEXIS 88110, at *4 (E.D.N.C. June 24, 2013) (characterizing the defendant's motion to reconsider its § 3582(c)(2) in light of *Simmons* as an "attempt[] to avoid the limitations imposed on § 2255 motions). Defendant's *Simmons* claim, however, qualifies as a successive action.[9] Before filing a second or successive motion for § 2255 relief in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). The Fourth Circuit Court of Appeals has not authorized Defendant to file this successive action. Without such authorization, a district court lacks jurisdiction to consider the validity of Defendant's sentence. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion [DE 221] is DISMISSED without prejudice to him to seek pre-filing authorization from the Fourth Circuit Court of Appeals. The court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

This the 23rd day of February, 2016.

JAMES C. FOX
Senior United States District Judge

---

[8] On September 28, 2006, Defendant filed a motion pursuant to § 2255. [DE 121]. The court dismissed Defendant's motion on the merits and denied a certificate of appealability. [DEs 128, 139]. Defendant filed a second § 2255 motion on March 18, 2014. [DE 194]. The court dismissed the motion as a second motion and again denied a certificate of appealability. [DE 196].

[9] As explained *infra*, regardless of the *Simmons* claim being "second or successive," it is without merit.